NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30186 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:20-cr-02005-SMJ-1 |
| KATHLEEN JOY YALLUP, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted August 22, 2023**
Seattle, Washington

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Kathleen Joy Yallup appeals her conviction, following a jury trial in the

Eastern District of Washington, on one count of Assault with a Dangerous

Weapon. During rebuttal closing argument, the prosecutor referred to testimony

that Yallup asked the officer, "Did that little bitch call me in?" and argued that this

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

was "not a voice of fear." Yallup objected that there was no testimony about her tone of voice, and the trial court overruled the objection. The jury found Yallup guilty, and she moved for judgment of acquittal and a new trial. On appeal, Yallup argues that the trial court made two reversible errors: (1) not sustaining the objection to the improper rebuttal argument by the prosecutor and (2) denying the motion for a new trial. Both issues are reviewed for abuse of discretion. *See United States v. Tuan Ngoc Luong*, 965 F.3d 973, 987 (9th Cir. 2020) ("The court reviews for abuse of discretion preserved claims of prosecutorial misconduct, applying a harmless error analysis."); *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017) (reviewing denial of a motion for a new trial for abuse of discretion).

In closing argument, a prosecutor "may do no more than comment on facts in evidence and make reasonable inferences based on the evidence." *United States v. Wijegoonaratna*, 922 F.3d 983, 989 (9th Cir. 2019) (quoting *United States v. Hermanek*, 289 F.3d 1076, 1101 (9th Cir. 2002)). Here, the prosecutor said:

> Again, her statements to Officer Strom are the most powerful evidence we have of her state of mind on that day, and she didn't say to Officer Strom, "I was terrified. I'm so glad you're here to protect me." She said, "Did that little bitch call me in?"
> Ladies and gentlemen, that is not a voice of fear. She's not afraid of the—of Richard."

Although the district court had sustained earlier objections for questions related to whether Yallup seemed fearful on speculation grounds, both parties referred to the

2

"little bitch" statement throughout trial, and the prosecutor mentioned it in the initial closing argument. The prosecutor's rebuttal drew a reasonable inference about Yallup's lack of fear based on the content of the statement. Even if this was not a reasonable inference, the error did not "materially affect[] the fairness of the trial" because the statement had been repeated throughout the trial, and there was testimony that Yallup did not indicate to the officer that she was afraid. *Tuan Ngoc Luong*, 965 F.3d at 987 (quoting *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015)).

The district court recited the law applicable to a motion for a new trial, satisfying our first step of "look[ing] to whether the trial court identified and applied the correct legal rule to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). We then consider "whether the trial court's resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.* Here, the district court disagreed with Yallup's contention that the government presented insufficient evidence and concluded that there was no "serious miscarriage of justice." Although the conclusion was cursory, Yallup fails to establish that the district court's denial of Yallup's motion for a new trial was an abuse of discretion. As noted above, overruling the rebuttal objection and

3

related challenges was not harmful error.[1]  Despite the expert testimony regarding battered-woman syndrome, the jury reasonably concluded that Yallup intentionally caused bodily harm.  Ample evidence supported the verdict.

**AFFIRMED.**

---

[1]     Yallup's challenge to the trial court's denial of her motion to strike Juror 18 was not raised as an issue on appeal, albeit discussed in passing in her opening brief with respect to the motion for new trial.